# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY FELDER, | Case No. 1:14-cv-00291 DLB |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| LAKSHMI, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

Plaintiff Anthony Felder is an inmate at the Kings County Jail. He is proceeding pro se and in forma pauperis in this civil rights action, filed on March 3, 2014. He names Dr. Narayan, Dr. McLoughlin and R.N. Starr as Defendants.[1]

**I.  SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on March 13, 2014.

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II. ALLEGATIONS IN COMPLAINT

Plaintiff is currently incarcerated at the Kings County Jail in Hanford, California. The events occurred while Plaintiff was incarcerated at Avenal State Prison ("ASP").

Plaintiff alleges that on May 16, 2013, Defendant Narayan, the Chief Psychiatrist at ASP, had him "locked in terror" when he ordered Defendant Starr to inject him with two sedation drugs (Haldol and Benadryl). ECF No. 1, at 3. Plaintiff alleges that Defendant Narayan was not present to evaluate Plaintiff or his situation. Plaintiff states that he was already in leg irons and a waist chain, and was strapped down to a gurney. He was injected nonetheless, against his will.

2

Plaintiff contends that Defendant McLoughlin, a psychiatrist at ASP, was present and allowed this "medical malpractice" to occur. ECF No. 1, at 3.

Plaintiff contends that the December 14, 2013, edition of the Fresno Bee had Defendant Narayan on the front page. Plaintiff contends that Defendant Narayan has done the same thing to 18 other inmates, i.e., misdiagnosing them without being present or checking their files.

## III.   DISCUSSION

### A.   Eight Amendment

#### 1.   *Legal Standard*

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [her] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the

3

Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

2.  *Analysis*

Insofar as Plaintiff attempts to state an Eighth Amendment claim based on his belief that he was "misdiagnosed," or given medication without an evaluation, his claim is insufficient under the Eighth Amendment.

While Plaintiff may have disagreed with his treatment, "[a] difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Similarly, Plaintiff contends that Defendant Narayan's failure to evaluate him prior to ordering treatment was "medical malpractice," but malpractice does not rise to the level of an Eighth Amendment violation.  Neither malpractice, nor gross negligence, rise to the level of deliberate indifference.  "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1977); Snow, 681 F.3d at 987-88; Wilhelm, 680 F.3d at 1122; Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff has also failed to allege that any Defendant acted with the requisite state of mind. To state a claim, he must include facts to show that Defendants knew of and disregarded an excessive risk to his health or safety.  However, while he did not agree with Defendant Narayan's treatment and contends that Defendant McLoughlin failed to stop it, he does not allege that either

4

Defendant knew of and disregarded an excessive risk to his health or safety. Similarly, Plaintiff only alleges that Defendant Starr carried out Defendant Narayan's orders. He does not allege facts to show that Defendant Starr acted with deliberate indifference.

For these reasons, Plaintiff fails to state an Eighth Amendment claim against any Defendant. Plaintiff will be permitted to amend this claim, if he can do so in good faith.

B.  Due Process

Prisoners possess "a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." Washington v. Harper, 494 U.S. 210, 221-22 (1990) (citations omitted). "[T]he Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." Harper, 494 U.S. at 227. The Supreme Court held that in the context of incarcerated inmates, "[t]he extent of a prisoner's right under the [Due Process] Clause to avoid the unwanted administration of antipsychotic drugs must be defined in the context of the inmate's confinement." Id. at 222. Thus, the infringement on an inmate's constitutional rights through involuntary medication will only be held valid if it is reasonably related to legitimate penological interests. Id. at 223 (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)).

Plaintiff complains of being sedated against his will. While this may ultimately state a claim under the Due Process Clause, he does not provide sufficient information to allow the Court to determine if he states a claim at this juncture. For example, Plaintiff does not provide any factual context to the events at issue, such as the events leading up to the decision to medicate him.

Plaintiff will be permitted to amend this claim, if he can do so in good faith.

### IV.  **CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. However, the Court will provide Plaintiff with an opportunity to file an amended complaint. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

1    Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what
2 each named defendant did that led to the deprivation of Plaintiff's federal rights and liability may
3 not be imposed on supervisory personnel under the theory of mere *respondeat superior*, Iqbal, 556
4 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101
5 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to
6 relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

7    Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa
8 County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without
9 reference to the prior or superceded pleading," Local Rule 220.

10   Accordingly, it is HEREBY ORDERED that:

11   1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim
12 under section 1983;

13   2.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

14   3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an
15 amended complaint; and

16   4.    <u>If Plaintiff fails to file an amended complaint in compliance with this order, this
17 action will be dismissed, with prejudice, for failure to state a claim</u>.

IT IS SO ORDERED.

   Dated:   **July 31, 2014**          /s/ *Dennis L. Beck*
                                       UNITED STATES MAGISTRATE JUDGE