# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY FELDER,       | Case No. 1:14-cv-00291 DLB |
|     Plaintiff, | ORDER FINDING CERTAIN CLAIMS COGNIZABLE AND DISMISSING REMAINING CLAIMS |
|     v. | |
| LAKSHMI, et al., | |
|     Defendants. | |

Plaintiff Anthony Felder is an inmate at the Kings County Jail. He is proceeding pro se and in forma pauperis in this civil rights action, filed on March 3, 2014. Pursuant to Court order, he filed a First Amended Complaint on August 14, 2014. He names Dr. Narayan, Dr. McLoughlin and R.N. Starr as Defendants.[1]

## I.    SCREENING STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on March 13, 2014.

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

II. **ALLEGATIONS IN COMPLAINT**

Plaintiff is currently incarcerated at the Kings County Jail in Hanford, California. The events occurred while Plaintiff was incarcerated at Avenal State Prison ("ASP").

Plaintiff contends that after he was beaten and struck repeatedly by ISU Correctional Officers, Defendant Narayan, the Chief Psychiatrist at ASP, ordered the injection of Haldol and Benadryl. At the time, Plaintiff was shackled with waist chains, leg irons and strapped down to a gurney. Defendant Narayan then turned Plaintiff over to ISU Correctional Officers for an "illegal

2

interrogation" to induce a confession. Plaintiff contends that the Haldol caused an allergic reaction and permanent twitch in his nerves and neck. He also contends that he was left with nightmares and psychiatric problems by the misdiagnosis and injection.

Plaintiff argues that the injection was performed without proper testing or clearance by the Warden, and without a court order. Rather, he believes that he was injected solely to induce a confession.

Defendant R.N. Starr, under the advice and orders of Defendant Narayan, injected the drugs into both arms, while Plaintiff was shackled and strapped to the gurney. Plaintiff alleges that Defendant Starr could see that Plaintiff was not a threat to himself or others, but he injected him nonetheless.

Finally, Plaintiff contends that Defendant McLoughlin, a psychiatrist at ASP, failed to respond to Plaintiff's medical needs. While he was strapped to the gurney and being injected, Plaintiff begged Defendant McLoughlin to stop Defendant Starr from injecting the drugs. Plaintiff also told Defendant McLoughlin that he was in serious pain and that he didn't know why he was being tortured. Instead, Defendant McLoughlin just stood there and relied on faulty advice and the "pressure of others." ECF No. 7, at 5.

Plaintiff also contends that Defendant McLoughlin knew that the restraints were highly unusual and unnecessary for a mental health "triple CMS" under doctors' care. ECF No. 7, at 6. He believes that Defendant McLoughlin knew the risks and side effects of the drugs.

Based on these allegations, Plaintiff alleges that Defendants were deliberately indifferent in violation of the Eighth Amendment. He also alleges a violation of the Due Process Clause.

**III.     DISCUSSION**

  A.     Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment, but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh,

3

they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose, or contrary to evolving standards of decency that mark the progress of a maturing society, violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045.

Here, Plaintiff contends that Defendants were deliberately indifferent to a substantial risk of harm when they participated in injecting him with Haldol and Benadryl. He alleges that Defendant Narayan ordered the injection, while he was strapped down, to induce a confession. Plaintiff also faults Defendant Starr for carrying out the order, and Defendant McLoughlin for failing to stop it, despite the fact that Plaintiff told him he was in pain. Plaintiff states that he had never used the drugs before and that they ultimately caused an adverse reaction. He also explains that he is "mental health 'triple' CMS" and under a doctor's care, and that the use of restraints on such patients is unusual. ECF No. 7, at 6.

To state a claim, Plaintiff must allege that each Defendant acted with the requisite state of mind, i.e., that they knew of and disregarded an excessive risk to his health or safety. His allegations fall short of this standard. While he states that he is a mental health patient and had never used Haldol and Benadryl before, these facts, alone, do not suggest that any Defendant knowingly disregarded a substantial risk of harm. In regards to knowledge of *any* type of risk,

4

Plaintiff alleges that only Defendant McLoughlin "knew the risks and side effects of Haldol and Benadryl," but nonetheless failed to stop the injection. This does not support a finding, however, that he knew that Plaintiff faced a substantial risk to his harm or safety.

Indeed, Plaintiff's own allegations state that he had never taken these medications before, which precludes a finding that Defendants knew that the drugs posed a substantial risk to his health or safety.

Plaintiff also alleges that Defendant McLoughlin did not stop the injection after Plaintiff told him that he was in pain, but again, this does not support a finding that Defendant McLoughlin knew that Plaintiff faced a *substantial* risk of harm.

Plaintiff also attempts to fault Defendant Narayan for ordering the injection without an evaluation, though this alone does not create a deliberate indifference claim. He also cites a "misdiagnosis" and "medical negligence," but these do not rise to the level of an Eighth Amendment violation. Neither malpractice, nor gross negligence, rise to the level of deliberate indifference. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1977); Snow, 681 F.3d at 987-88; Wilhelm, 680 F.3d at 1122; Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

For these reasons, Plaintiff fails to state an Eighth Amendment claim against any Defendant. The Court explained these deficiencies in the prior screening order, but Plaintiff has failed to correct the deficiency. The Court finds that further leave to amend is not warranted.

B.    Due Process

Prisoners possess "a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." Washington v. Harper, 494 U.S. 210, 221-22 (1990) (citations omitted). "[T]he Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." Harper, 494 U.S. at 227. The Supreme Court held that in the context of incarcerated inmates, "[t]he extent of a prisoner's right under the [Due Process] Clause to avoid the unwanted

5

administration of antipsychotic drugs must be defined in the context of the inmate's confinement." Id. at 222.  Thus, the infringement on an inmate's constitutional rights through involuntary medication will only be held valid if it is reasonably related to legitimate penological interests.  Id. at 223 (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)).

The Court finds that, at the screening stage, Plaintiff's allegations are sufficient to state a due process claim against Defendants Narayan, McLoughlin and Starr.[2]

**IV.    CONCLUSION AND ORDER**

Plaintiff's complaint states a due process claim against Defendants Narayan, McLoughlin and Starr.  It does not state any other claim for relief, and Plaintiff's Eighth Amendment claim is therefore DISMISSED.

IT IS SO ORDERED.

Dated:   **February 11, 2015**              /s/ Dennis L. Beck
                                            UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff will be instructed on service by separate order.

6